# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT L. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-71 (MTT) |
| | ) |
| CHIQUITA A. FYE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are the recommendations of United States Magistrate Judge Stephen Hyles concerning Plaintiff Robert L. Clark's 42 U.S.C. § 1983 claims and his motions for injunctive relief (Docs. 6; 13). The recommendation concerning the screening of Clark's complaint (Doc. 6) is **ADOPTED in part** and **REJECTED in part** while the recommendation concerning Clark's motions for injunctive relief (Doc. 13) is **ADOPTED**. Additionally, Clark has moved to amend his complaint (Doc. 12) and that motion is **GRANTED**.

## I. PRELIMINARY REVIEW

Pursuant to 28 U.S.C. § 1915A(a) and § 1915(e), the Magistrate Judge has conducted a screening of Clark's complaint. Clark brings his claims pursuant to 42 U.S.C. § 1983, alleging that the Defendants were deliberately indifferent to his medical needs thereby violating the Eighth Amendment. Doc. 1. The Magistrate Judge recommends that Clark's Eighth Amendment claims against Defendant Chiquita A. Fye proceed for further factual development. Doc. 6 at 1, 9-10. From Clark's initial

complaint, it is unclear whether he intends to bring a claim against the Georgia Department of Corrections (GDOC) and its healthcare division, Georgia Correctional Healthcare (GCH), or merely unnamed officials within those organizations. *Id.* To the extent Clark seeks to assert a claim against unnamed prison officials or "prison guards generally," the Magistrate Judge recommends these claims should be dismissed because (1) from Clark's initial complaint it cannot be determined who these individuals are and what actions they have taken towards Clark and (2) fictitious party pleading is not allowed. *Id.* at 9-10. Also, to the extent Clark intends to name the GDOC and GCH as defendants, the Magistrate Judge recommends those claims be dismissed because state agencies are not "persons" under § 1983 and are immune from suit under the Eleventh Amendment. *Id.* at 10.

Clark has objected (Doc. 9) to the Magistrate Judge's recommendation, and, accordingly, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has conducted a de novo review of the portions of the recommendation to which Clark objects. The Court agrees with the proposed findings, conclusions, and recommendations regarding Clark's claims against Defendant Fye, GDOC, and GCH. Accordingly, those recommendations are **ADOPTED** and made the order of this Court. But regarding Clark's claims against unnamed parties, prison officials or otherwise, that recommendation is **REJECTED as moot** because Clark has now moved to amend his complaint (Doc. 12) to specifically name those individuals. He seeks to add Eighth Amendment deliberate indifference claims against seven defendants: (1) Warden Tony Howerton at Smith State Prison, or the "unnamed warden at Smith State Prison"; (2) Warden Brown at Augusta State Medical Prison; (3) Warden Hilton Hall at Augusta

State Medical Prison; (4) Warden Stephen Roberts at Washington State Prison; (5) Warden Randy Tillman at Ware State Prison; (6) Warden Derrick Schofield at Jackson State Prison; and (7) Gregory McLaughlin at Macon State Prison. *Id.* at 1.

First, the Court **GRANTS** this motion to amend. Next, pursuant to § 1915A(a) and § 1915(e), the Court must conduct a preliminary review of Clark's complaint. The Court must dismiss those claims if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To find a supervisor liable under § 1983, a plaintiff must allege the "supervisor personally participate[d] in the alleged unconstitutional conduct or [that] there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). "[T]he causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quotation marks and citation omitted). Clark alleges the newly named defendants are wardens at prisons where he was incarcerated who, according to Clark, were notified of Defendant Fye's deliberate indifference through Clark's grievances but failed to act upon this notice. Doc. 12 at 1-2. Further, Clark appears to allege that the Defendants had a custom or policy of ignoring grievances concerning deliberate indifference and not overseeing negligent subordinates. *Id.* at 2. The Court finds that Clark's allegations pass muster

under § 1915(e)(2)(B), and, accordingly, those claims will proceed for further factual development.[1]

In sum, the recommendation is **ADOPTED in part and REJECTED in part**. To the extent Clark seeks to name the Georgia Department of Corrections or the Georgia Correctional Healthcare, those claims are **DISMISSED without prejudice**. And Clark's Eighth Amendment claims against the following defendants are allowed to proceed: (1) Chiquita Fye; (2) Warden Tony Howerton or the "unnamed warden at Smith State Prison"; (3) Warden Brown; (4) Warden Hilton Hall; (5) Warden Stephen Roberts; (6) Warden Randy Tillman; (7) Warden Derrick Schofield; and (8) Gregory McLaughlin.

## II. MOTIONS FOR PRELIMINARY AND PERMANENT INJUNCTION

Clark has also filed motions for a preliminary injunction (Doc. 11) and a permanent injunction (Doc. 10). The Magistrate Judge recommends that these motions be denied. Clark has objected to the recommendation (Doc. 14), and, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed a de novo review of the portions of the recommendation to which Clark has objected. The Court agrees with the proposed findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Clark's motions for preliminary injunction (Doc. 11) and permanent injunction (Doc. 10) are **DENIED**.

---

[1] Some of Clark's claims may be barred by the statute of limitations. But at this stage the Court may only dismiss on that basis if it "appear[s] beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001).

## III. CONCLUSION

The Magistrate Judge's initial screening recommendation (Doc. 6) is **ADOPTED in part and REJECTED in part**, and Clark's motion to amend (Doc. 12) is **GRANTED**. Clark's Eighth Amendment deliberate indifference claims against the following defendants shall proceed: (1) Chiquita A. Fye; (2) Warden Tony Howerton or the "unnamed warden at Smith State Prison"; (3) Warden Brown; (4) Warden Hilton Hall; (5) Warden Stephen Roberts; (6) Warden Randy Tillman; (7) Warden Derrick Schofield; and (8) Gregory McLaughlin. His claims against the Georgia Department of Corrections and Georgia Correctional Healthcare, and any remaining claims he may attempt to bring, are **DISMISSED without prejudice**.[2] Finally, the Magistrate Judge's recommendation (Doc. 13) concerning Clark's motions for preliminary and permanent injunctions is **ADOPTED**, and, accordingly, those motions (Docs. 10; 11) are **DENIED**.

---

[2] Clark alleges that he was denied medical treatment for the past 14 years. Therefore, many of the dismissed claims are likely barred by the applicable two-year statute of limitations. Therefore, the dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Some circuits have held that equitable tolling applies while a prisoner exhausts his administrative remedies, but the Eleventh Circuit has not made such a holding. *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). Regardless, even if Clark is barred from refiling his claims against GDOC and GCH, dismissal is appropriate. Like the Magistrate Judge stated, the GDOC and GCH, as state agencies, are not persons under § 1983 and are immune from suit under the Eleventh Amendment. *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (holding that state agencies are not "person[s] within the meaning of § 1983" (quoting *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir.1995))); *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Correction and Board of Corrections . . . regardless of whether the plaintiff seeks money damages or prospective injunctive relief."). Therefore, amendment would be futile.

## IV. ORDER FOR SERVICE

It is **ORDERED** that service be made on Warden Tony Howerton, or the "unnamed warden at Smith State Prison"; Warden Brown; Warden Hilton Hall; Warden Stephen Roberts; Warden Randy Tillman; Warden Derrick Schofield; and Gregory McLaughlin and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. The Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**SO ORDERED,** this 29th day of May, 2018.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT