# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ROBERT L CLARK, | : | |
| Plaintiff, | : | |
| v. | : | CASE No. 5:18-cv-00071-MTT-MSH |
| CHIQUITA A FYE, *et al.*, | : | |
| Defendants. | : | |

## **ORDER AND REPORT AND RECOMMENDATION**

Presently pending before the Court is Plaintiff's motions seeking appointed counsel (ECF No. 24) and disqualification of opposing counsel (ECF Nos. 36, 47), and Defendants' motion to dismiss (ECF No. 39) Plaintiff's complaint. For the reasons explained below, Plaintiff's motions are denied and it is recommended that Defendants' motion to dismiss be granted.

## **BACKGROUND**

Plaintiff's complaint, which seeks relief under 42 U.S.C. § 1983, concerns medical care he has received over the past fourteen years while confined at various facilities operated by the Georgia Department of Corrections. Plaintiff states that he was transferred to Macon State Prison in May 2013. Compl. 5, ECF No. 1. When he arrived, Plaintiff allegedly told Defendant Fye that he suffered from Hepatitis B. He further avers that his prison medical records confirm this diagnosis, but prison official refuse to treat his condition. *Id.* Plaintiff states that as a result he is "dying of liver failure" and suffers pain

and numbness. According to Plaintiff, he would not now be dying or in "so much pain" if Defendants provided Plaintiff proper medical care. *Id*.

Following preliminary review, Plaintiff's claims against "[Georgia Department of Corrections], and [Georgia Correctional Healthcare]" were dismissed.[1] Order 4, May 29, 2018, ECF No. 15. But, his deliberate indifference claims against:

(1) Chiquita Fye;

(2) Warden Tony Howerton at Smith State Prison;

(3) Warden Brown at Augusta State Medical Prison;

(4) Warden Hilton Hall at August State Medical Prison;

(5) Warden Stephen Roberts at Washington State Prison;

(6) Warden Randy Tillman at Ware State Prison;

(7) Warden Derrick Schofield at Jackson State Prison; and

(8) Gregory McLaughlin at Macon State Prison

were allowed to proceed for further factual development. *Id*. at 2-4. Since then, Plaintiff has moved for appointed counsel (ECF No. 24) and to disqualify opposing counsel (ECF Nos. 36, 47). Defendants moved to dismiss Plaintiff's complaint claiming he has failed to state claims on which relief can be granted, any cognizable claims are time barred, and

---

[1] The Court, in dismissing these claims, noted that because "many of the dismissed claims are likely barred by the applicable two-year statute of limitations . . . the dismissal is, in effect, likely with prejudice" but that, "even if [Plaintiff] is barred from refiling his claims against [these Defendants] dismissal is appropriate [because] amendment would be futile." Order 5 n.2, May 29, 2018, ECF No. 15.

2

Defendants are immune from this suit. Br. in Supp. of Mot. to Dismiss 2, 4, 6, ECF No. 39-1.

## DISCUSSION

### I. Plaintiff's Motions

#### A. Motion to Appoint Counsel

Plaintiff seeks appointed counsel on the basis that "[a] trial in this case will likely involve conflicting testimony, and counsel would [enable Plaintiff] to present evidence and [] cross examine witnesses[.]" Mot. to Appoint Counsel 1-2, ECF No. 24. Plaintiff also contends that he should be appointed counsel because, he says, the "Court is having problems understanding [Plaintiff's] pleadings and [Plaintiff] does not know [how] to make the issues . . . any clearer." *Id.* at 1.

There is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Indeed, "appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such circumstances do not exist here. In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). The facts of this case are not overly complicated and the law governing Plaintiff's claims is neither novel nor complex. Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 24) is denied.

B. Motion to Disqualify Opposing Counsel

Plaintiff alleges that the Attorney General of Georgia "has a clear conflict of interest and should be disqualified in this case as a matter of law." 1st Mot. to Disqualify 5, ECF No. 36. This contention is apparently based on the Attorney General's Office's previous litigation involving Plaintiff. *See Id.* at 1; *see also* 2nd Mot. to Disqualify 1, ECF No. 47. Defendants insist there is "no meaningful basis for removing counsel in this matter." Defs.' Resp. to Mots. to Disqualify 2, ECF No. 49.

Disqualification of counsel is "a harsh sanction" that "should be resorted to sparingly[.]" *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). Motions seeking disqualification are governed "by two sources of authority . . . the local rules of the court [and] federal common law . . . because motions to disqualify are substantive motions affecting the rights of the parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). Further, if a court issues a disqualification order it "must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the [disqualified] attorney violated that rule." *Id*. The party seeking disqualification bears the burden of proving the grounds for disqualification exist. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003).

Here, Plaintiff has failed to identify a specific rule of attorney conduct that the Attorney General, or his subordinates, have violated such that disqualification is merited. The Attorney General's representation of the state, or its officials, in prior litigation involving Plaintiff is not sufficient basis for disqualification—such representation is, in most cases, the Attorney General's legal duty. O.C.G.A. §§ 45-15-3, 45-15-70. Plaintiff's

4

motions to disqualify opposing counsel (ECF No. 36, 47) are denied.

## II. Defendants' Motion to Dismiss

Defendants collectively moved to dismiss Plaintiff's complaint on August 6, 2018. Mot. to Dismiss, ECF No. 39. They argue that Plaintiff has failed to state claims upon which relief may be granted, and that any cognizable claims made by Plaintiff are barred by applicable statutes of limitation or immunity doctrines. Plaintiff does not specifically contradict Defendants' arguments but does insist that Defendant Fye and "the wardens" are "liable for the damages to Plaintiff's liver and mental damages for their failures to act." Pl.'s Resp. to Mot. to Dismiss 5, ECF No. 43. Because Plaintiff's claims are all time barred, the Court does not analyze Defendants' other grounds for dismissal.

### A. Statute of Limitations

The forum state's limitation period applicable to personal injury actions is applied to actions brought under 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").

A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted). A plaintiff's untimely filing can be excused if the interests of justice weigh "in favor of

5

allowing [him] to assert untimely claims" because "circumstances beyond [his] control prevented timely filing." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). However, such "equitable tolling" is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

The filing period may also be extended under the "continuing violation doctrine" which "allows a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Lee v. Eleventh Judicial Circuit of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017). However, that doctrine's applicability is limited "to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation occurred." *Id*. at 898. "If an event should have alerted a reasonable plaintiff to assert his rights, then the plaintiff cannot rely on the continuing violation doctrine." *Id*. Also, the statute of limitations begins to run on a prisoner's deliberate indifference claim if they are transferred to a new facility—regardless of the continuing violation doctrine's applicability.[2] *See Johnson v. Lewis et al.*, No. 5-16-CV-453-TES-MSH, ECF No. 121 at 14 (M.D. Ga. Sept. 25, 2018) (order adopting report and recommendation in part). Time taken to fulfill the administrative remedy exhaustion requirement can also toll the statute of limitations. *Id*. at 21 (applying the exhaustion tolling doctrine for apparently the first time in this district).

---

[2] An exception to this general rule applies where the medical treatment at issue was overseen by the same individual despite the prisoner's transfer to a different facility. *See Carswell v. Rogers*, No. 5:14-CV-437-MTT, 2016 WL 1249602, at *2 (M.D. Ga. Mar. 29, 2016).

6

B. Defendants Brown, Hall, Howerton, Roberts, Schofield, and Tillman

Plaintiff's amended complaint alleges violations by Defendants Brown, Hall, Howerton, Roberts, Schofield, and Tillman between years 2004-2013. Am. Compl. 1, ECF No. 12. The statute of limitations applicable to the claims against these Defendants, even if tolled under the continuing violation doctrine, began to run when Plaintiff was transferred to facilities not under these Defendants' supervision. The last such transfer occurred in 2013, when Plaintiff was transferred to Macon State Prison. That is well over two years before Plaintiff initiated this suit. Accordingly, the deliberate indifference claims against these Defendants are time barred and should be dismissed.

C. Defendants Fye and McLaughlin

Plaintiff's claims against both Defendants McLaughlin and Fye are also time barred. He was transferred to Macon State Prison, where Defendant McLaughlin was the warden, in 2013. *See* Am. Compl. 1. Plaintiff informed Defendant Fye, also working at Macon State Prison, about his medical conditions on May 14, 2013 and requested an immediate medical transfer. Compl. 5. Plaintiff does not specify when he believes Defendant McLaughlin became aware of his medical conditions.[3] This suit was initiated on February

---

[3] Plaintiff states, generally, that prison officials have refused to treat his various conditions for "going on 15 years" and, with his original complaint, attached a handwritten document entitled "(Copy) grievance #239910" which indicates he received a response to a grievance submitted at Macon State Prison regarding his medical treatment on April 17, 2017, but did not receive a response to an appeal apparently submitted by mail on April 21, 2017. Compl. 5, Attach. 1, ECF Nos. 1, 1-1. The Court refers to the grievance appeal as "apparently" submitted on April 21, 2017, because, on the actual document, Plaintiff writes that the appeal was sent on April 21, 2018, which would be physically impossible as the complaint the document is attached to was docketed on February 26, 2018. Compl. Attach. 1.

7

20, 2018, when Plaintiff signed his complaint and, presumably, delivered it for mailing.[4] Compl. 6.

Even assuming Plaintiff waited six months to confirm she would not provide the necessary treatment, he would have reasonably known of claims against Defendant Fye by November 2013. He also would have reasonably been aware of Defendant McLaughlin's alleged violations within a year of his May 2013 conversation with Defendant Fye. Further, there is no indication that the administrative grievance process lasted long enough to render Plaintiff's claims timely under that tolling doctrine. *See Brestle v. Hastings*, No. 2:15-CV-12, 2016 WL 224130, at *5 (S.D. Ga. Jan. 19, 2016), *report and recommendation adopted*, No. 2:15-CV-12, 2016 WL 438996 (S.D. Ga. Feb. 3, 2016). Because Plaintiff did not initiate this suit until February 2018, almost five years after informing Defendant Fye of his medical conditions and requesting medical transfer, his claims against Defendants Fye and McLaughlin are time barred and should be dismissed.

## CONCLUSION

For the reasons explained above, Plaintiff's motions seeking appointed counsel (ECF No. 24) and disqualification of opposing counsel (ECF Nos. 36, 47) are denied, and it is recommended that Defendants' motion to dismiss (ECF No. 39) Plaintiff's complaint be granted.[5] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

---

[4] Under the "mailbox rule," filings made by *pro se* prisoner litigants are considered filed on the date they are delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[5] Plaintiff filed a document entitled "Amended claims for relief" on August 27, 2018. Mot. to Amend 1, ECF No. 45. The Court construes that submission as a motion to amend Plaintiff's

8

objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 4th day of February, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

complaint and denies it. It was filed well outside the permissive amendment window and the interests of justice do not require that Plaintiff's amendment be allowed. Fed. R. Civ. P. 15(a).