# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT L. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-71 (MTT) |
| | ) |
| CHIQUITA A. FYE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion to dismiss. Doc. 51. The Plaintiff has objected to the Recommendation, and pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Recommendation de novo. For the following reasons, that Recommendation (Doc. 51) is **ADOPTED as modified** in part and **REJECTED** in part, and the Defendants' motion to dismiss (Doc. 39) is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff Robert Clark brought this 42 U.S.C. § 1983 suit alleging that "[p]rison officials have refused to treat [him] for Hepatitis B and for bi-polar disorder . . . going on 15 years." Doc. 1 at 5. Liberally construing his complaint, he claims he arrived at Macon State Prison around May 14, 2013, and immediately (i) requested a transfer for medical reasons, and (ii) informed Defendant Fye, a doctor, of his conditions. *Id*. Although "the Georgia Department of Corrections" apparently "took blood samples" at some point, the Plaintiff claims he has not been treated. *Id*. He believes he is dying of

liver failure and alleges he suffers severe pain, among other alleged symptoms. *Id.* In an amendment to the complaint,[1] the Plaintiff added as defendants all wardens of the prisons where he had been incarcerated between 2004 and 2018, alleging that all "were served with a copy of the [P]laintiff's grievances" but did not intervene in his treatment. Doc. 12 at 1. After screening, the remaining claims were Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Fye, Warden Howerton, Warden Brown, Warden Hall, Warden Roberts, Warden Tillman, Warden Schofield, and Warden McLaughlin. Doc. 15 at 4.

The Defendants moved to dismiss, arguing that the claims are time-barred, that the Plaintiff fails to state a claim against the Defendant wardens, and that the claim for injunctive relief against Defendant Fye is moot. *See generally* Doc. 39-1.

## II. DISCUSSION

### A. Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light

---

[1] The Court recognizes that an amended complaint generally supersedes the original complaint. *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982). The Court has, however, determined that construing this pro se plaintiff's original and amended complaint together will result in the "orderly and expeditious disposition of" this case. *In re Novak*, 932 F.2d 1397, 1406 (11th Cir. 1991) (quotations omitted). Thus, the Plaintiff's original complaint is amended to include the additional content shown in his amended complaint.

most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

**B. Analysis**

*1. Claims for Damages against the Wardens*

The Magistrate Judge recommends granting the motion to dismiss because the claims are untimely. Doc. 51 at 7. The statute of limitations is an affirmative defense. "Because [a] statute of limitations bar is an affirmative defense . . . plaintiff[s] [are] not required to negate the affirmative defense in their complaint." *Alvarez v. U.S. Immigration and Customs Enf't,* 818 F.3d 1194, 1229 (11th Cir. 2016) (quotation marks and citation omitted). Rather, "[a] complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quotation marks and citation omitted); *see Lindley v. City of Birmingham, Ala.,* 515 F. App'x 813, 815 (11th Cir. 2013) ("[a]t the motion-to-dismiss stage, a complaint may be dismissed on the

basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff[] can prove no set of facts that toll the statute." (quotation marks and citation omitted)).

The statute of limitations for the Plaintiff's claims is two years, and the statute begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Doc. 51 at 5 (quoting *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)).

The Defendants simply assert, conclusorily, that the "Plaintiff's complaint and amended complaint show that his claims are time-barred, especially as to the defendant wardens," because none of the Wardens, with the "possibl[e]" exception of McLaughlin, comes within the two-year statute of limitations. Doc. 39-1 at 3. As to McLaughlin and Fye, the doctor, the Defendants argue their failure to treat the Plaintiff in May 2013 was apparent "almost five years before this matter was filed." *Id*.

The Magistrate Judge recommends granting the motion to dismiss because the Defendants have made out a statute of limitations defense.[2] Doc. 51. The Plaintiff objects. In the objection, the Plaintiff claims that he filed "4 grievances against medical over the course of 4+ years" and filed this suit after the fourth grievance had gone unanswered for nine months. Doc. 53 at 1.[3] Because time taken to pursue administrative remedies can toll the statute of limitations, Doc. 51 at 6, the Plaintiff's four

---

[2] The Recommendation addressed the possibility of tolling, but only in the context of the "continuing violation doctrine[.]" Doc. 51 at 6.

[3] Although Doc. 53 is an objection, the Court, where appropriate, construes pro se objections containing new allegations as motions for leave to amend. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Because the Plaintiff's new allegations are in response to the Defendant's statute of limitations defense, that motion (Doc. 53) is **GRANTED**.

years and nine months may well have tolled any claims accruing in May 2013. Accordingly, it is possible that not all of the claims are time-barred. Doc. 12 at 1.

As to the wardens, however, the question of tolling need not be resolved. Regardless of whether the claims are timely, they fail to state a claim against the wardens. A supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between the defendant's action and the alleged constitutional deprivation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) personal participation; (2) "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so;" (3) "a supervisor's custom or policy [that] results in deliberate indifference to constitutional rights;" or (4) the "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and citation omitted). Further, "to be sufficient to notify the supervisor, the deprivations must not only be widespread, they also must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006).

The Plaintiff argues the Defendant Wardens violated his rights because all were "served with a copy of the plaintiff's grievances" while the plaintiff was incarcerated, but "they all refused to act." Doc. 12 at 1. One inmate's grievances over a dispute with a doctor, however, do not demonstrate a "history of widespread abuse" or "support an

inference that the supervisor . . . knew the subordinates would act unlawfully." *Cottone*, 326 F.3d at 1360.  The grievances may have alerted the Warden that the inmate disagreed with the doctor, but the Warden was entitled to rely on Defendant Fye's professional medical judgment.  The Plaintiff, therefore, has failed to state a claim for supervisory liability against the Defendant Wardens.  The Recommendation is **ADOPTED as modified** with regard to the claims for damages against the wardens, and the motion to dismiss is **GRANTED** as to those claims.

*2. Claims for Damages against Doctor Fye*

The Defendants argue that the claims against Defendant Fye are barred by the statute of limitations.  They argue that according to the Plaintiff, he informed Fye of his medical needs in May 2013, when he first requested treatment.  Doc. 39-1 at 3.  The Defendants argue that because the Plaintiff had this conversation in May 2013, his claims must have been apparent (that is, it must have been apparent that Fye would not ever treat him) sometime before February 2016, two years before the suit was filed.  *Id.*  They argue that as a consequence, all of his claims against her are barred.  *Id.* at 4.

The Plaintiff, however, alleges that he has continued to seek medical care "for going on 14 years" and that the staff "keep telling [him] that [he] do[es]n't have Hep B."  Doc. 1-1 at 1.  The Defendants appear to argue that even the Plaintiff's claims for Fye's failure to treat him *within* the two years prior to filing his complaint, which otherwise fall within the statute of limitations, should be barred simply because Fye failed to treat him in 2013, too.  Doc. 39-1 at 2-3.  The Defendants argue the 2013 deprivation gave the Plaintiff notice of the Defendants' conduct, so the statute of limitations on any claims for those deprivations began running in 2013 (or not long thereafter), with the result that

every claim for damages, whether it arose in 2013 or 2017, is time-barred. *Id.* at 3-4. By that logic, even a claim for the refusal of medical care in 2017 would be barred, because the statute of limitations began to run in 2013 and expired in 2015. The Defendants cite no authority for the proposition that a claim can accrue, run, and expire before the facts the claim is based on even occur. That argument is meritless.[4]

Because the statute of limitations is two years, the Plaintiff can sue for constitutional violations which occurred within two years of the complaint being filed. *See Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (1994) ("Because each new violation gives rise to a new cause of action, each [violation] begins a new statute of limitations as to that particular event."); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident . . . constitutes a separate actionable [violation]").[5] The Plaintiff alleges Defendant Fye has refused to provide him medical

---

[4] The Defendants' counsel recently made this same argument in *Sterling v. Sellers*, 5:16-cv-13, arguing the Plaintiff could not sue over the prison's forbidding his observance of a Muslim holiday in 2014 and 2015, because the prison had also forbidden it in 2012, so the claim for the 2015 denial was time-barred a year before it even happened. *Sterling*, Doc. 59-1 at 14. The Court rejected that argument in *Sterling*, *see* Doc. 78 at 12-13. It is no more convincing here.

If the Court were to extend the rule of liberal construction to the Defendants' brief, it could be arguing that all of Defendant Fye's refusals to treat the Plaintiff were merely consequences of a one-time refusal, sometime between 2013 and February 2016 (the Defendants do not say when), to treat the Plaintiff. *See, e.g.*, Knox v. Davis, 260 F.3d 1009, 1015 (9th Cir. 2001). But Defendant Fye's subsequent refusals to treat the Plaintiff were, assuming she medically evaluated him more than once, a new decision not to treat the Plaintiff and, thus, the basis for a new claim. Further, even if the one-time violation characterization were plausible on these facts, the Defendants still have not carried their burden of establishing a statute of limitations defense on that basis. And finally, the Defendants do not actually argue that, at least not with any clarity.

[5] The Plaintiff's reply to the Defendants' response to the objection cites this case as part of a "continuing violation" argument. Doc. 55 at 4. In the cited case, the court uses the label of a continuing violation to describe the general principle that claims outside the statute of limitations are time-barred and claims within the statute of limitations are not. 19 F.3d at 580-82 ("[T]he plaintiffs can recover for any violations for which the statute of limitations has not expired.") (citation omitted). That phrase appears in different cases as a label for a narrow doctrine which allows plaintiffs to bring claims based on events outside the statute of limitations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002).

treatment in violation of the Eighth Amendment, and construing his complaint liberally, he alleges she refused him medical care up until the time the complaint was filed. Docs. 1 at 5; 1-1 at 1. The Defendants have not met their burden of establishing as a matter of law that the claims are time-barred.

Claims arising outside the two-year limitations window—in this case, claims based on acts which occurred before February 2016—are time-barred unless tolling applies. *Meyer v. Gwinnett County*, 636 F. Appx. 487 (11th Cir. 2016). Tolling may apply here for two reasons: first, the Plaintiff has spent time exhausting his remedies, which may toll the statute of limitations. Docs. 1 at 3-4 (describing his grievance and grievance appeal); 12 at 3 (referring to his grievances); *see Leal v. Georgia Department of Corrections*, 254 F.3d 1276 (11th Cir. 2001) (vacating district court's dismissal of a § 1983 suit on statute of limitations grounds because it was possible the Plaintiff's exhaustion of administrative remedies had tolled the statute of limitations).

Second, the Plaintiff argues that his mental incapacity tolls the statute of limitations. Doc. 53 at 3 (citing *Meyer*, 636 F. Appx. 487 (reversing district court's dismissal on statute of limitations grounds)).[6] In *Meyer*, the court applied a Georgia-law tolling provision for mental incapacity to a prisoner's § 1983 claims. According to the court, "[T]he test to be applied is whether the one claiming the disability has such unsoundness of mind . . . as to incapacitate one from managing the ordinary business of life." *Id.* at 489 (quotation marks and citation omitted). Further, "the standard for

---

Inasmuch as the Plaintiff argues he can bring otherwise time-barred claims on the basis of a "continuing violation" theory in this case, that argument is rejected. Where, as here, the Plaintiff alleges discrete violations, the rule is that violations outside the statute of limitations are time-barred, while violations within the statute of limitations are not time-barred. *Id.*

[6] Although the Plaintiff did not allege mental incapacity in the complaint, "plaintiff[s] [are] not required to negate the affirmative defense in their complaint." *Alvarez*, 818 F.3d at 1229.

*alleging* mental incapacity so as to invoke the tolling provision for mental incapacity and withstand a motion to dismiss is not so onerous." *Id*. The Plaintiff meets that standard here: he alleges he is "suffering from mental incapacity." Doc. 53 at 3. That is a terse allegation, but at the motion to dismiss stage—and in a suit for failure to provide bipolar medication—it is enough. *See* Doc. 1 at 5, 6.

The Defendants challenge the Plaintiff's argument for mental incapacity in a response to the Plaintiff's objection. Doc. 54 at 2-3. The Defendants argue that

> Plaintiff's filings made in his voluminous litigational history demonstrate that although he may not be a legal scholar capable of presenting many valid legal claims, he is not and was never "legally incompetent because of intellectual disability or mental illness." O.C.G.A. § 9-3-90.

The Defendants appear to argue the quantity and quality of the Plaintiff's lawsuits demonstrate he is not legally incompetent. But the fact he is capable of filing complaints does necessarily demonstrate, on a motion to dismiss, that he is capable of "managing the ordinary business of life." *Meyer*, 636 F. Appx. At 489. The filing of a lawsuit, in other words, is not proof of soundness of mind. And notably absent from the Defendants' cursory argument is authority suggesting otherwise. The Defendants also appear to imply the Plaintiff's relatively clear briefing demonstrates he is not "legally incompetent." But again, the Defendants make no attempt to tie that argument to any legal standard. It is, perhaps, an attempt at appeal to common sense, but it fails even by that test; the fact one might be capable, in a moment of lucidity, of making a good argument is not inconsistent with legal incompetence.[7] In any event, the Court cannot

---

[7] Part of the Defendants' argument seems semantic, relying on an implicit confusion between "legally incompetent" meaning mentally incompetent as judged by a legal standard, and "legally incompetent" meaning unskilled at the practice of law. Needless to say, if, as the Defendants appear to argue, the ability to file a complaint and to argue mental incompetence are sufficient to *disprove* mental

say that the Defendants have met their burden of establishing as a matter of law that the Plaintiff is legally competent.

As to the claims against Fye, therefore, the claims based on facts which happened within two years of the complaint are not time-barred, and the claims based on facts which happened outside the two-year limitations period may or may not be time-barred, depending on tolling. The Defendants, therefore, have not demonstrated that the "allegations, on their face, show that an affirmative defense bars recovery on the claim" or that the "Plaintiff[] can prove no set of facts that toll the statute." *Douglas*, 535 F.3d at 1321 (quotation marks and citation omitted); *Robinson*, 327 F. App'x at 818. The Defendants' argument that the doctrine of laches bars the claims for injunctive relief fails for the same reasons. *See* Doc. 39-1 at 4. For the claims arising within two years of the date of the complaint, there was no delay in asserting the claim; for claims arising before then, the Defendants have failed to establish that the Plaintiff's delay was not excusable—again, the Plaintiff spent time exhausting remedies and also alleges mental incapacity—or that the Defendants suffered prejudice.[8] *Id.*; *see United States v. Barfield*, 396 F.3d 1144, 1150 (11th Cir. 2005).

The Defendants do not raise any other grounds for dismissing the claims for damages against Fye. Accordingly, the Recommendation (Doc. 51) is **REJECTED** as to those claims, and the motion to dismiss (Doc. 39) is **DENIED** as to those claims.

---

incompetence, it is difficult to see how any pro se plaintiff could successfully argue they were entitled to tolling for mental incompetence.

[8] The statement that "in the intervening years, memories have almost certainly been lost" does not show undue prejudice. Doc. 39-1. Nor are the Defendants entitled to the "presumption of prejudice" when the statute of limitations has run (citing *Watz v. Zapata Off-Shore Co.*, 500 F.2d 628, 633 (5th Cir. 1974); *McMahon v. Pan American World Airways, Inc.*, 297 F.2d 268, 270 (5th Cir. 1962)), because they have not shown the statute of limitations has run.

*3. Claims for Injunctive Relief*

The Defendants also move to dismiss the Plaintiff's claims for injunctive relief. The Report and Recommendation did not consider the claims for injunctive relief, no doubt because it found the whole complaint was subject to dismissal on statute of limitations grounds. The Court, therefore, considers that motion for the first time here.

In their brief in support of the *motion to dismiss*, the Defendants argue, based on a hyperlink to a media article, that Fye retired, so the Plaintiff cannot bring claims for injunctive relief against her. Doc. 39-1 at 8 (citing "Prison Doctor Resigns After Lawsuit with Amputee is Settled," *Atlanta Journal-Constitution*, https://www.ajc.com/news/state--regional-govt--politics/prison-doctor-resigns-after-lawsuit-with-amputee-settled/HvkqgYtJ3ygoX45kaApGlJ/). Warden McLaughlin, the Defendants argue, lacks the medical training to treat the Plaintiff. *Id*. Accordingly, "[n]one of the Defendants . . . is in any position to prove Plaintiff [sic] with any relief." *Id*.

If Fye wishes to establish her retirement with appropriate evidence and raise the issue in an appropriate way, she may attempt to do so. But a hyperlink to a newspaper article is not enough to establish that Fye should be dismissed because she retired. *See Marous Bros. Const., LLC v. Alabama State Univ.*, 2008 WL 370903, at *3 (M.D. Ala. Feb. 11, 2008) (applying the hearsay rule to exclude newspaper articles); Daniel E. Feld, *Admissibility of Newspaper Article as Evidence of the Truth of the Facts Stated Therein,* 55 A.L.R.3d 663, § 2[a]. The motion to dismiss the claims for injunctive relief against Fye (Doc. 39) is **DENIED**.

As to McLaughlin, the Defendants argue only that the Warden is not competent to personally provide the Plaintiff with medical treatment. Doc. 39-1 at 8. Liberally

-11-

construed, however, the Plaintiff's complaint is not seeking medical attention directly from the Warden. *See generally* Doc. 12. Instead, the Plaintiff seeks an injunction for the Warden to perform his duty of providing the Plaintiff with medical care consistent with the Eighth Amendment. The Defendants' argument—that Warden McLaughlin is not a doctor—does not really address the Plaintiff's claim, much less establish the Defendants' entitlement to have that claim dismissed. If the Plaintiff's allegations that he is systemically being denied constitutionally adequate medical care are true, Warden McLaughlin may have a duty to remedy that, whether he is a doctor or not. The motion to dismiss the claim for injunctive relief against Warden McLaughlin (Doc. 39) is **DENIED**.

The claims for injunctive relief against the other Wardens are moot because the Plaintiff is no longer incarcerated in their prisons. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). Surprisingly, the Defendants do not make that argument, apparently relying more on those wardens' lack of medical training. Doc. 39-1 at 8. However, the Plaintiff's complaint, as amended, identifies the Defendant Wardens only as wardens of prisons where he used to be incarcerated. *See generally* Doc. 12. He provides no basis for seeking injunctive relief against any of the wardens at prisons where he is no longer incarcerated. Accordingly, the motion to dismiss the claims for injunctive relief against Wardens Howerton, Roberts, Schofield, Brown, Tillman, and Hall (Doc. 39) is **GRANTED**.

### III. CONCLUSION

For the reasons stated, the Report and Recommendation (Doc. 51) is **ADOPTED as modified** in part and **REJECTED** in part. It is **ADOPTED as modified** as to the

claims for damages against Defendants Howerton, Roberts, Schofield, Brown, Tillman, Hall, and McLaughlin, and the Defendants' motion to dismiss (Doc. 39) is **GRANTED** as to those claims. Those claims are **DISMISSED** with prejudice. The Report and Recommendation is **REJECTED** as to the claim for damages against Defendant Fye, and Fye's motion to dismiss (Doc. 39) is **DENIED** as to that claim. Additionally, although the Report and Recommendation did not address the claims for injunctive relief, the Defendants' motion to dismiss (Doc. 39) is **GRANTED** as to the claims for injunctive relief against Defendants Howerton, Roberts, Schofield, Brown, Tillman, and Hall, and those claims are **DISMISSED** with prejudice. It is **DENIED** as to the claims for injunctive relief against Defendants Fye and McLaughlin. The remaining claims are against Defendants Fye, for damages and injunctive relief, and McLaughlin, for injunctive relief only. Because this Order resolves the motion to dismiss, the stay on discovery (Doc. 42) is lifted.

**SO ORDERED**, this 26th day of March, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT