IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| ROBERT L. CLARK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-cv-71 (MTT) |
| | ) | |
| CHIQUITA A. FYE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion for summary judgment. Doc. 85. The Plaintiff filed an objection, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects.

In response to the Magistrate Judge's recommendation that the Court grant summary judgment on the Plaintiff's claim arising from his alleged bipolar disorder, the Plaintiff in his objection argues that in 2013 Dr. Fye discontinued his Elavil prescription, which had been prescribed to help him sleep and reduce his anxiety. Doc. 88 at 4. As the Recommendation makes clear, there is no evidence that the Plaintiff actually has a bipolar disorder, and there is no evidence that he claimed to have a bipolar disorder before February 2018, other than the Plaintiff's "conclusory" allegation that he told Dr. Fye in 2013 that he had bipolar disorder. Doc. 85 at 20. That the Plaintiff had a prescription to help him sleep and reduce anxiety would not have given Dr. Fye notice of his alleged bipolar disorder. Thus, in the face of overwhelming evidence that the

Plaintiff does not have a bipolar disorder and that he never claimed to have such a disorder until 2018, there stands only his conclusory allegation. Still, his allegation is nonetheless some evidence that Dr. Fye was subjectively aware of his unsupported claim to have bipolar disorder. But as the Recommendation makes clear, even if that were sufficient to create a fact issue regarding Dr. Fye's subjective awareness, her response or lack of response to that conclusory allegation does not, as a matter of law, constitute deliberate indifference. That Dr. Fye discontinued medication for sleep and anxiety relief does not change that.

Additionally, the Court finds that the Defendants' statute of limitations argument has merit. The Defendants argue that the Plaintiff's claims are time-barred because the only alleged refusal of medical care occurred in May 2013, the statute of limitations for deliberate indifference under 42 U.S.C. § 1983 is two years in Georgia, and the complaint was not filed until February 2018, almost five years later. Doc. 65-1 at 6. The Court agrees.

The Magistrate Judge rejected that argument for two reasons: first, that the Plaintiff alleged denials of medical care which occurred *after* May 2013; and second, that the Plaintiff's grievance history may have tolled the statute. The Court earlier found that those two arguments had sufficient merit at the motion to dismiss stage. Doc. 56 at 6-10. As to the first argument, the Court noted that absent tolling, any claims based on the alleged May 2013 denial were time-barred, but "construing his complaint liberally, [the Plaintiff] alleges [Defendant Fye] refused him medical care up until the time the complaint was filed." *Id.* at 8 (citing Docs. 1 at 5; 1-1 at 1). The pleadings cited by the Court referenced denials of treatment after May 2013 by unnamed prison medical staff,

which, liberally construed, the Court took to include Dr. Fye. But at the motion for summary judgment stage, the Plaintiff "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." *Walker v. Darby*, 911 F.2d 1573, 1576–77 (11th Cir. 1990); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In his deposition, the Plaintiff clarified that he only had one medical visit with Dr. Fye, in May 2013, and there is no evidence she refused him treatment after that. Doc. 65-3 at 11:8-12:11, 19:16-20:12. Although the Plaintiff also stated that Dr. Fye "wouldn't talk to me no more," that is not sufficiently specific to state a basis for a deliberate indifference claim. *Id.* at 20:10-12. The Court construed the complaint liberally at the motion to dismiss stage. But after further narrowing the issues through discovery and the Defendants' motion, it is clear that there is not sufficient evidence for a reasonable jury to find that Dr. Fye denied the Plaintiff medical care after May 2013. Summary judgment is therefore appropriate for any claims based on a denial of treatment after May 2013.

The second ground for the Court's rejection of the Defendants' statute of limitations argument at the motion to dismiss stage was tolling. Doc. 56 at 8; *see Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) ("[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff[] can prove no set of facts that toll the statute." (quotation marks and citation omitted)). The Court found that the possibility of tolling precluded granting the motion for two reasons: mental incapacity and exhaustion of administrative remedies. The Court noted that "the standard for

*alleging* mental incapacity so as to invoke the tolling provision for mental incapacity and withstand a motion to dismiss is not so onerous." Doc. 56 at 9-10 (emphasis added) (quoting *Meyer v. Gwinnett County*, 636 F. Appx. 487 (11th Cir. 2016)). But the Court in *Meyer* distinguished cases involving the Plaintiff's burden at the summary judgment stage, which is more onerous. *Meyer*, 636 F. App'x at 489–90 ("None of the cases relied on by the district court and the appellees are to the contrary because they all concern a plaintiff's ultimate burden of proof on appeal from summary judgment, not the sufficiency of allegations in the face of a motion to dismiss. *See Martin [v. Herrington Mill, LP],* 730 S.E.2d at 165–67; *Anglin v. Harris,* 244 Ga.App. 140, 534 S.E.2d 874, 875 (2000); *Carter v. Glenn,* 243 Ga.App. 544, 533 S.E.2d 109, 111–12 (2000); *Charter Peachford Behavioral Health Sys., Inc.* \*490 *v. Kohout,* 233 Ga.App. 452, 504 S.E.2d 514, 519 (1998)."). Now that the record has been developed, it is clear there is no evidence of mental illness or disease, much less evidence the Plaintiff has "'such unsoundness of mind . . . as to incapacitate [him] from managing the ordinary business of life.'" *Meyer*, 636 F. App'x at 489 (quoting *Martin*, 316 Ga. App. at 698, 730 S.E.2d at 166).

As to grievances, the Court, liberally construing the Plaintiff's allegations, earlier concluded that the Plaintiff's grievances may have tolled the statute of limitations. *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) ("Because the statute of limitations may have been tolled on account of [the Plaintiff's] exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that [the Plaintiff] can prove no set of facts which would avoid a statute of limitations bar."). But now Dr. Fye has moved for summary judgment on that issue, and the

Plaintiff has failed to respond with specific facts, or any facts for that matter, to support an argument for tolling. Based on the two-year statute of limitations, in light of the Plaintiff's failure to produce evidence supporting tolling or even to argue tolling at the summary judgment stage, the Court finds that the statute of limitations bars the May 2013 claims.

For those reasons, the Court finds the Defendants' statute of limitations defense is meritorious. As modified, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 85) is **ADOPTED as modified** and made the Order of the Court. Accordingly, the Defendants' motion for summary judgment (Doc. 65) is **GRANTED**, and the Plaintiff's claims are **DISMISSED** with prejudice.

**SO ORDERED,** this 2nd day of March, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
